IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.: 3:12CR52–HEH |
| | ) Civil Action No.: 3:13CV443–HEH |
| DAVID AMEZQUITA-FRANCO, | ) |
| | ) |
| Petitioner. | ) |

MEMORANDUM OPINION
(Petitioner's Motion to Vacate, Set Aside, or Correct Sentence
Pursuant to 28 U.S.C. § 2255)

Petitioner David Amezquita-Franco ("Petitioner"), a federal inmate proceeding *pro se*, entered a plea of guilty on June 7, 2012 to a single count of illegal reentry after being convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Although Petitioner signed an agreed statement of facts, he entered his plea of guilty without the benefit of a plea agreement.

On September 26, 2012, following the preparation of a Presentence Investigation Report ("PSR"), which was filed without objection, the Court sentenced Petitioner to 87 months of imprisonment, followed by three years of supervised release.[1] At the sentencing hearing, following argument of counsel, the Court granted the government's motion for an upward variance and denied Petitioner's motion for a downward variance.

---

[1] The Judgment and Commitment Order stated that "[u]pon completion of his term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official of the Department of Homeland Security Bureau of Immigration and Customs Enforcement for deportation in accordance with the established procedures provided by the Immigration and Nationalization Act, 8 U.S.C. Section 1101 et seq. As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States." (Judgment Order at 4, ECF No. 21.) Supervised release was imposed to enforce this special condition.

His conviction and sentence were affirmed by the United States Court of Appeals for the Fourth Circuit on May 1, 2013. *United States v. Amezquita-Franco*, 523 F. App'x 971 (4th Cir. 2013). Petitioner is currently serving his sentence at the McRae Correctional Institution, McRae, Georgia.

This case is presently before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") which was timely filed. The United States has filed a memorandum in opposition to the § 2255 Motion, accompanied by an affidavit filed by Petitioner's trial counsel, Valencia D. Roberts, Esq. ("Roberts").

The gravamen of Petitioner's motion is a claim of ineffective assistance of counsel in both the plea negotiation and sentencing stages of the proceedings. He contends that his counsel, acting in league with the prosecutor, falsely induced him to enter a plea of guilty by promising that he would receive a sentence lower than that ultimately imposed. He further contends that at the sentencing hearing, she failed to properly investigate his criminal record and effectively challenge the calculation of his criminal history points. Petitioner's perception of ineffectiveness, however, flows from his misunderstanding of the law and misconstruction of the evidence. Furthermore, his assertions of ineptitude on his counsel's part are not only uncorroborated, but inconsistent with his sworn testimony at the Rule 11 guilty plea hearing.

To fully appreciate the fallacies underlying Petitioner's claims, some context is instructive. As more particularly described in the signed statement of facts introduced at the plea hearing, the immediate offense represents Petitioner's eighth illegal reentry into

2

the United States. Petitioner was judicially removed from the United States on two occasions. According to Worksheet C of his PSR, Petitioner has convictions for driving under the influence; forcible lewd acts with a child under fourteen; rape; sodomy with a victim under fourteen; sexual penetration with a foreign object; driving while intoxicated; and two convictions for operating a motor vehicle without a valid license. Petitioner was sentenced to six years of confinement on the rape, sodomy, and sexual penetration charges. He is presently a registered sex offender. The U.S. probation officer determined that Petitioner had a Total Offense Level of 21, Criminal History Category III, yielding a guideline range of 46–57 months.

After considering Petitioner's extensive and continuing history of violations of the immigration laws, and his demonstrated proclivity toward sexual violence, this Court concluded that his guidelines, as then calculated, were inadequate to capture the extent of his criminal conduct and provide adequate deterrence and protection of the community. (Sentencing Tr. at 36–40, ECF No. 28.) In its per curium opinion, the Fourth Circuit found the variance sentence to be substantively reasonable. 523 F. App'x at 973.

None of the specific issues raised in this § 2255 Motion were mentioned either at the sentencing hearing or on direct appeal. In her declaration, Petitioner's trial counsel denies that any promises were made to Petitioner regarding the actual sentence he would receive. (Roberts' Decl. at 5, ECF No. 46-1.) Moreover, at his plea hearing, the magistrate judge reiterated that any estimate of the guidelines provided by his counsel was a prediction and not a promise, and that the sentencing court could depart upward or

downward from the recommended guideline range. Petitioner acknowledged his understanding of these principles. (Plea Hr'g Tr. 13–14, ECF No. 27.)

Petitioner's contention that his trial counsel instructed him to answer the Court's questions falsely at his Rule 11 guilty plea hearing stands on equally tenuous footing. Roberts steadfastly and unequivocally denies counseling her client to simply answer "yes" to each question irrespective of the truth of his answer. (Roberts' Decl. at 4.) Given Petitioner's questionable credibility at this stage of the proceeding, there is simply no reason to discredit his counsel's sworn declaration.

Equally implausible is Petitioner's claim that he was never afforded an opportunity to review the PSR with his attorney. According to Roberts' declaration, the PSR was read to him verbatim by a Spanish translator and discussed at great length. She further stated that they jointly determined that there was no factual basis to challenge the guidelines as calculated by the probation officer. (*Id.* at 5–6.) Again, Petitioner failed to raise this issue either at the sentencing hearing or on direct appeal. This Court finds no reasonable basis to doubt counsel's recollection.

To prevail on a petition alleging ineffective assistance of counsel under 28 U.S.C. § 2255, a petitioner must first show that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001). As to prejudice, a defendant must

4

"show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

In analyzing ineffective assistance of counsel claims, the court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Strickland*, 466 U.S. at 697. To prove an actionable claim, petitioner must demonstrate a "reasonable probability of a different outcome." *Lenz v. Washington*, 444 F.3d 295, 303 (4th Cir. 2006) (internal citations and quotation marks omitted).

This Court's analysis begins with recognition of the well-settled principle that unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral review is limited. *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). As Chief Justice Rehnquist noted in *Brecht v. Abrahamson*, "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness. . . . Accordingly, it hardly bears repeating that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." 507 U.S. 619, 633–34 (1993) (internal quotation marks and citations omitted). Therefore, errors of law do not typically provide a basis for habeas relief under 28 U.S.C. § 2255 unless it constitutes "a fundamental defect which inherently results in a complete miscarriage of justice . . . ." *United States v. Timmreck*, 441 U.S. 780, 783 (1979).

A significant swath of Petitioner's claims can be disposed of summarily because they involve neither jurisdictional nor constitutional issues. *Stone*, 428 U.S. at 477 n.10. This would include Petitioner's contention that he was not allowed to personally review the PSR or any written agreement. Petitioner pleaded guilty without the benefit of plea agreement, and the PSR was read to him in its entirety by a Spanish interpreter. Even if Petitioner was afforded the opportunity to personally examine the PSR, it would have been of little benefit. The report was written in English, and Petitioner claims to only speak Spanish.

Petitioner's claims pertaining to the sentencing process, upward variance, and sentence imposed are similarly unavailing. Relitigation of these issues is foreclosed by their rejection by the Fourth Circuit. Moreover, issues relating to sentencing guidelines calculations are rarely reviewable in § 2255 proceedings. This case does not fall within the narrow range of exceptions in which there is a patent miscarriage of justice. *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999).

The sole claim worthy of closer examination is Petitioner's belated contention that his counsel promised that he would receive a specific sentence lower than that imposed by the Court. The Fourth Circuit has rarely countenanced post-conviction relief in ineffective assistance of counsel claims predicated on inaccurate sentencing predictions. *United States v. Foster*, 68 F.3d 86, 87–88 (4th Cir. 1995).

Even setting aside momentarily his counsel's ardent denial that any promise of a specific sentence was conveyed—let alone one preapproved by the trial judge—his own sworn statements during the Rule 11 colloquy, "constitute a formidable barrier in any

subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Fourth Circuit in *Beck v. Angelone*, adopted an even more rigorous standard, "[a]bsent clear and convincing evidence to the contrary, [a petitioner] is bound by the representations he made during the plea colloquy." 261 F.3d 377, 396 (4th Cir. 2001); *see also United States v. Lemaster*, 403 F.3d 216, 220–23 (4th Cir. 2005). The record at hand yields no reason to part from this time-honored rule, particularly absent even scant corroboration of Petitioner's allegations. Reviewing courts have no obligation to entertain allegations which are conclusory or palpably incredible in nature. *Machibroda v. United States*, 368 U.S. 487, 495 (1962).

This Court will therefore discount Petitioner's self-serving and seemingly sanitized recollection of the advice of his counsel. Conversely, this Court will credit the declaration of his counsel, a seasoned and well-respected attorney. Petitioner has advanced no credible evidence to support his unadorned claims of ineffective assistance of counsel. Accordingly, no hearing is necessary or warranted. *Sanders v. United States*, 373 U.S. 1, 19 (1963).

Based on the foregoing analysis, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

                                                       /s/
                                        Henry E. Hudson
                                        United States District Judge

Date: Feb. 12, 2015
Richmond, VA