IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



F I L E D

AUG   4 2016

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                   )<br>)<br>DAVID AMEZQUITA-FRANCO       ) | Criminal No. 3:12CR52–HEH |

## MEMORANDUM OPINION
### (Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on February 13, 2015, the Court

denied a motion under 28 U.S.C. § 2255 filed by David Amezquita-Franco. (ECF Nos.

50, 51.)  On June 27, 2016, the Court received from Amezquita-Franco yet another

§ 2255 motion.  (ECF No. 58.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the

jurisdiction of the district courts to hear second or successive applications for federal

habeas corpus relief by prisoners attacking the validity of their convictions and sentences

by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657

(1996).  Specifically, "[b]efore a second or successive application permitted by this

section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C.

§ 2244(b)(3)(A).  The Court has not received authorization from the United States Court

of Appeals to hear Amezquita-Franco's successive § 2255 Motion.  Accordingly, the

§ 2255 Motion (ECF No. 58) will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Amezquita-Franco has not satisfied this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

                                             /s/

Date: Aug. 4, 2016
Richmond, Virginia

                                  HENRY E. HUDSON
                                  UNITED STATES DISTRICT JUDGE